## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAUL FLORES,                                    :
As Personal Representative of the               :
Estate of Jose Flores,                          :
                                                :
        Plaintiff,                    :
v.                                              : C.A. No._____
                                                :
ALUSINE TRAWALLEY,                              :
                                                :
and                                             :
                                                :
KMG HAULING, INC.,                              :
                                                :
        Defendants.                   :

### DEFENDANTS' NOTICE OF REMOVAL

      Defendants kmG Hauling, Inc. ("KMG Hauling") and Alusine Trawalley ("Trawalley")

(collectively "Defendants"), by and through their undersigned counsel, hereby provide Notice of

Removal of this action from the Superior Court for the District of Columbia, to the United States

District Court for the District of Columbia.   This Notice of Removal is filed under Title 28,

sections 1441 and 1446 of the United States Code.  This removal is based upon the following:

      1.     The Complaint in this action was filed against Defendants on or about

December 7, 2015, in the Superior Court for the District of Columbia, styled <u>Raul Flores, as</u>

<u>Personal Representative of the Estate of Jose Flores v. Alusine Trawalley and KMG Hauling,</u>

<u>Inc.</u>, Case No. 2015 CA 009484 V (the "Superior Court Action"), by Plaintiff Raul Flores, as

Personal Representative of the Estate of Jose Flores (hereinafter the "Plaintiff").

      2.     On or about December 17, 2015, a copy of the Complaint and Summons was

served upon KMG Hauling's Registered Agent, CT Corporation, who transmitted the Complaint

to KMG Hauling.  A copy of the Service of Process Transmittal from CT Corporation to KMG

Hauling is attached hereto as Exhibit A.

3.      A true copy of the Summons and Complaint, together with Plaintiff's Exhibit A attached thereto, is attached hereto as Exhibit B.

4.      On or about December 22, 2015, KMG Hauling filed a Motion for Extension of Time to Answer, Move, or Otherwise Respond to the Complaint ("KMG Hauling's Motion"). A true copy of KMG Hauling's Motion is attached hereto as Exhibit C.

5.      On January 4, 2016, The Honorable John M. Campbell entered an Order granting KMG Hauling an extension of time to file its answer, move, or otherwise respond to Plaintiff's Complaint. A true copy of the January 4, 2016 Order is attached hereto as Exhibit D.

6.      The District of Columbia Online Docket for the Superior Court Action indicates that process also was issued and served upon Defendant Trawalley on December 29, 2015. A printed copy of the online docket record as of January 12, 2016, is attached hereto as Exhibit E.

7.      On or about January 5, 2016, Defendant Trawalley filed a Consent Motion for Extension of Time to Answer, Move, or Otherwise Respond to Complaint ("Trawalley's Consent Motion"). A true copy of Trawalley's Consent Motion is attached hereto as Exhibit F.

8.      Pursuant to the District of Columbia Online Docket for the Superior Court Action, an Order granting Trawalley's Consent Motion was entered and filed on January 7, 2016.

9.      An Initial Scheduling Conference has been scheduled for March 11, 2016 at 9:30 a.m. in the Superior Court Action.

10.     To the best of Defendants' knowledge, no other process, pleadings, orders, or other papers have been filed or served upon Defendants in the Superior Court Action.

11.     Defendants file this Notice of Removal within thirty (30) days of the receipt of the Complaint in the Superior Court Action.

12.     All Defendants consent to this removal.

13.     This matter is removable to federal court under Title 28, section 1332 of the United States Code because the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is diversity of citizenship, as follows:

      a.  The decedent, Jose Flores, was an adult citizen of the District of Columbia and was not a citizen of the Commonwealth of Virginia;

      b.  Plaintiff, as the legal representative of the decedent, is a citizen of the District of Columbia and is not a citizen of the Commonwealth of Virginia, pursuant to 28 U.S. § 1332(c)(2);

      c.  Defendant Trawalley is a citizen of the Commonwealth of Virginia and is not a citizen of the District of Columbia; and

      d.  Defendant KMG Hauling is a citizen of the Commonwealth of Virginia and is not a citizen of the District of Columbia, in that it is incorporated under the laws of Virginia and has its principal place of business in Virginia.

14.     Plaintiff commenced this action in the Superior Court for the District of Columbia, which is a court of record located within this District, thus making venue appropriate with this United States District Court.

15.     The Defendants are filing this Notice of Removal with the Superior Court for the District of Columbia contemporaneously with the filing with this Court and are serving a copy of this Notice on counsel for the Plaintiff, as memorialized in the certificate of service, appended below.

WHEREFORE, Defendants KMG Hauling, Inc. and Alusine Trawalley remove this Action from the Superior Court for the District of Columbia, to the United States District Court for the District of Columbia.

Done this 14 th day of January, 2016.

KMG HAULING, INC.
and
ALUSINE TRAWALLEY

By: _____
Of Counsel
Charles F. Midkiff, Esq.  (D.C. Bar No. 450423)
MIDKIFF, MUNCIE & ROSS, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
Telephone:    (804) 560-9600
Facsimile:    (804) 560-5997
Email: cmidkiff@midkifflaw.com

Bernard S. Grimm, Esq. (D.C. Bar No. 378171)
LAW OFFICE OF BERNARD S. GRIMM
1200 19th Street, NW
Washington, D.C.  20036
Telephone:    (202) 912-4888
Facsimile:    (202) 747-5633
Email: bgrimm@grimmlawdc.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent via email and first-class mail this 14th day of January, 2016, to the following counsel of record:

> Benjamin T. Boscolo, Esq.
> Michael D. Reiter, Esq.
> CHASENBOSCOLO, INJURY LAWYERS
> 7852 Walker Drive, Suite 300
> Greenbelt, MD  20770
> Email: BBoscolo@chasenboscolo.com
> Email: mreiter@chasenboscolo.com

*Counsel for the Plaintiff*

                                    Of Counsel
Charles F. Midkiff, Esq.  (D.C. Bar No. 450423)
MIDKIFF, MUNCIE & ROSS, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
Telephone:     (804) 560-9600
Facsimile:     (804) 560-5997
Email: cmidkiff@midkifflaw.com

 CT Corporation

**Service of Process Transmittal**
12/17/2015
CT Log Number 528341213

**TO:**   Hugo Garcia
KMG Hauling, Inc.
14 Bryant Ct Ste B
Sterling, VA 20166-9574

**RE:**   **Process Served in District of Columbia**

**FOR:**   KMG Hauling, Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Raul Flores, As Personal Representative of the Estate of Jose Flores, Pltf. vs. Alusine Trawalley and KMG Hauling, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Information Sheet(s), Complaint, Initial Order and Addendum, Addendum, Summons, Attachment(s) |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 2015CA009484V |
| **NATURE OF ACTION:** | Wrongful Death - Vehicle Collision - 01/17/2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/17/2015 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Benjamin T. Boscolo<br>Chasenboscolo, InJury Lawyers<br>7852 Walker Drive<br>Suite 300<br>Greenbelt, MD 20770<br>301-220-0050 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 781983421014 |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1015 15th St NW Ste 1000<br>Washington, DC 20005-2621<br>202-572-3133 |

Page 1 of  1 / HP

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



EXHIBIT
A
ALL-STATE LEGAL®



7014 1820 0002 3063 3790

Hasler
12/11/2015
US POSTAGE
FIRST-CLASS MAIL
$07.89⁰
ZIP 20768
011D11634361



**CHASENBOSCOLO**
I N J U R Y   L A W Y E R S
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770

TO
CT Corporation System
1015 15th Street, NW
Suite 1000
Washington, DC 20005

CT Packing Slip                                 CT Corporation

FedEx Tracking # : 781983421014
Created By : Hitendra Parmar
Created On : 12/17/2015 02:53 PM
Recipient :

**Hugo Garcia**

Title : --
Customer : KMG Hauling, Inc.
Address : 14 Bryant Ct Ste B
Email : noemail@wolterskluwer.com
Phone : 703-961-1100      Fax : -

Package Type : Envelope
Items shipped : 1

| Log # | Case # | Entity Name |
|---|---|---|
| 528341213 | 2015CA009484V | KMG Hauling, Inc. |

Filed
D.C. Superior Court
12/08/2015 16:58PM
Clerk of the Court

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Estate of Jose Flores

Case Number: 2015 CA 009484 V

vs

Date: October 28, 2015

KMG Hauling, Inc., et al.

☐ One of the defendants is being sued
in their official capacity.

| Name: (please print) Michael D. Reiter | Relationship to Lawsuit |
| --- | --- |
| Firm Name: ChasenBoscolo Injury Lawyers | ☑ Attorney for Plaintiff |
| Telephone No.: 301-220-0050    Six digit Unified Bar No.: 981814 | ☐ Self (Pro Se) Other: _____ |

TYPE OF CASE:    ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury
Demand:$ 10,000,000.00                  Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

## A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract       ☐ 07 Personal Property       ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty       ☐ 09 Real Property-Real Estate  ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument    ☐ 12 Specific Performance     ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 _____

## B. PROPERTY TORTS

☐ 01 Automobile          ☐ 03 Destruction of Private Property      ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage                      ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102(a)

## C. PERSONAL TORTS

☐ 01 Abuse of Process          ☐ 09 Harassment                 ☐ 17 Personal Injury – (Not Automobile,
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy               Not Malpractice)
☐ 03 Assault and Battery       ☐ 11 Libel and Slander          ☑ 18 Wrongful Death (Not malpractice)
☑ 04 Automobile-Personal Injury ☐ 12 Malicious Interference     ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 13 Malicious Prosecution     ☐ 20 Friendly Suit
☐ 06 False Accusation          ☐ 14 Malpractice Legal          ☐ 21 Asbestos
☐ 07 False Arrest              ☐ 15 Malpractice Medical (Including wrongful death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                     ☐ 16 Negligence-(Not Automobile,  ☐ 23 Tobacco
                                     Not Malpractice)           ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/October 2010'



EXHIBIT
B

# INFORMATION SHEET, Continued

| D. OTHERS | | |
|---|---|---|
| **I.**<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation<br>    Under $25,000 Pltf.<br>    Grants Consent<br>☐ 08 Quiet Title<br>☐ 09 Special Writ/Warrants<br>    DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>    (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>    Vacate Arbitration Award<br>    (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>    Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>    Over $25,000<br>☐ 28 Motion to Confirm Arbitration<br>    Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR).<br>☐ 30 Liens: Tax/Water Consent Denied |
| **II.**<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage<br>    Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>    Judgment [D.C. Code §<br>    2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>    42-3301, et seq.) | ☐ 21 Petition for Subpoena<br>    [Rule 28-I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>    (Perpetuate Testimony) |

For individuals not represented by an attorney: ( ) I acknowledge receipt of the Civil Actions Pro Se Handbook.

_(signature)_ _____    12/7/2015 _____
Signature                              Date



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Estate of Jose Flores

_____
Plaintiff

vs.

KMG Hauling, Inc.

Case Number 2015 CA 009484 V

_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Michael D. Reiter, Esq.

| Name of Plaintiff's Attorney | | |
| 7852 Walker Dr., Suite 300 | | _Clerk of the Court_ |
| Address | By | _____ |
| Greenbelt, MD 20770 | | Deputy Clerk |
| 301-220-0050 | Date | 12/08/2015 |
| Telephone | | |

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      ያስፈልግ ከተፈለገ ለማማቻ (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                         Demandante
          contra
_____                    Número de Caso: _____
                         Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante
                                        Por: _____
_____                              Subsecretario
Dirección

_____                 Fecha _____
Teléfono
如需翻譯，請打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시오      ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RAUL FLORES                                     :
As Personal Representative of the               :
Estate of Jose Flores                           :
P.O. Box 2526                                   :
Clewiston, FL 22440                             :
                                                :
              Plaintiff                         :
                                                :
      v.                                        : Case No. 2015 CA 009484 V
                                                :
ALUSINE TRAWALLEY                               :
5550 North Morgan Street, Apt 301.             :
Alexandria, VA 22312                            :
                                                :
      &                                         :
                                                :
KMG HAULING, INC.                              :
PO BOX 650821                                   :
Potomac Falls, VA 20165                         :
Serve on:                                       :
CT CORPORATION SYSTEM                          :
1015 15th Street, NW                            :
Suite 1000                                      :
Washington, DC 20005                           :
              Defendant                         :

COMPLAINT FOR DAMAGES

(Wrongful Death and Survival Action)

## I.      INTRODUCTION

1.    Raul Flores, as personal representative of the estate of Joes Ismael Flores. by and
      through undersigned counsel, Michael D. Reiter and Benjamin T. Boscolo with
      CHASENBOSCOLO Injury Lawyers sues the Defendants, Alusine Trawalley and KMG
      Hauling, Inc. for a cause of action alleges as follows:

## II.     JURISDICTION AND VENUE

2.    Jurisdiction of this Court is founded upon D.C. Code 11-921, et seq, 2001 Edition, as
      supplemented.

3.    Jurisdiction is also vested pursuant to the Wrongful Death Act, D.C. Code 16-2701, et
      seq, 2001 Edition, as supplemented and the Survival Act D.C. Code 12-101et seq, 2001
      Edition, as supplemented.

## III. PARTIES

4.  Raul Flores, brings this case as the personal representative of the estate of Jose Ismael Flores.

5.  At all relevant times herein, the decedent was an adult citizen of the United States and a resident of the District of Columbia.

6.  Upon information and belief, Defendant, Alusine Trawalley, is an adult citizen of the United States and a resident of Alexandria, Virginia.

7.  Upon information and belief, Defendant KMG Hauling, Inc. (hereinafter "Defendant KMG"), is a corporation that regularly conducts business in and around the District of Columbia.

## IV. FACTS

8.  This cause of action arises from a deadly motor vehicle crash which occurred in the District of Columbia.

9.  On or about January 17, 2014, Joes Ismael Flores was attempting to cross I Street in a crosswalk in the District of Columbia.

10. At the same time, Defendant Alusine Trawalley was operating a trash truck within the scope of his employment and with the permission and consent of Defendant KMG, turning left from I Street onto 13th Street when he struck Mr. Flores while he was in the crosswalk.

11. After striking Mr. Flores Defendant Alusine Trawalley continued down 13th street, dragging Mr. Flores, who was pinned underneath his truck, for approximately 60 feet.

12. Mr. Flores was pronounced dead as a result his injuries at approximately 7:59 am.

13. At the time of the crash, it was the duty of Defendant Trawalley to operate his vehicle in a safe and reasonable manner for the conditions then existing. This duty included, but was not limited to, always making the safest choice while operating his vehicle.

14. At the time of the crash, it was the duty of Defendant Trawalley to refrain from needlessly endangering the public.

15. At the time of the crash, it was the duty of Defendant Trawalley to observe all vehicular safety rules then and there in effect.

16. At the time of the crash, it was the duty of Defendant Trawalley to refrain from needlessly endangering all others on the road.

17. At the time of the crash, it was the duty of Defendant Trawalley to react to changing conditions on the road to prevent serious harm or death to anyone.

18. At the time of the crash, it was the duty of Defendant Trawalley to look straight ahead while driving to prevent serious harm or death to anyone.

19.   At the time of the crash, it was the duty of Defendant Trawalley to drive at a safe speed to prevent serious harm or death to anyone.

20.   At the time of the crash, it was the duty of Defendant Trawalley to drive at a speed that would allow him to safely apply his brakes to avoid hitting anyone  to prevent serious harm or death to anyone.

21.   At the time of the crash, it was the duty of Defendant Trawalley to effectively use his brakes to prevent serious harm or death to anyone.

22.   At the time of the crash, it was the duty of Defendant Trawalley to yield the right of way to pedestrians in crosswalks to prevent serious harm or death to anyone.

23.   At the time of the crash, it was the duty of Defendant Trawalley to stop after hitting a pedestrian to prevent serious harm or death to anyone.

24.   At the time of the crash, it was the duty of Defendant Trawalley not to leave the crash scene after hitting a pedestrian to prevent serious harm or death to anyone.

25.   At the time of the crash, it was the duty of Defendant Trawalley to assist a pedestrian after striking him to prevent serious harm or death to anyone.

26.   At the time of the crash, it was the duty of Defendant Trawalley to pay full time and attention to the road to prevent serious harm or death to anyone.

27.   At the time of the crash, it was the duty of Defendant Trawalley to see all things in plain view to prevent serious harm or death to others on the road.

28.   At the time of the crash, it was the duty of Defendant Trawalley to yield while turning to prevent serious harm or death to anyone.

29.   At the time of the crash, it was the duty of Defendant Trawalley to look while turning to prevent serious harm or death to anyone.

30.   Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not make the safest choice while operating his vehicle to prevent serious harm or death to anyone.

31.   Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not refrain from needlessly endangering the public.

32.   Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not observe all vehicular safety rules then and there in effect.

33.   Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not refrain from needlessly endangering all others on the road.

34.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not react to changing conditions on the road to prevent serious harm or death to anyone.

35.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not look straight ahead while driving to prevent serious harm or death to anyone.

36.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not drive at a safe speed to prevent serious harm or death to anyone.

37.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not effectively use his brakes to prevent serious harm or death to anyone.

38.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not attempt to brake to prevent serious harm or death to anyone.

39.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not yield the right of way to pedestrians in crosswalks to prevent serious harm or death to anyone.

40.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not stop after hitting a pedestrian to prevent serious harm or death to anyone.

41.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he left the crash scene after hitting a pedestrian failing to prevent serious harm or death to anyone.

42.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not assist a pedestrian after striking him to prevent serious harm or death to anyone.

43.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not pay full time and attention to the road to prevent serious harm or death to anyone.

44.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he did not see all things in plain view to prevent serious harm or death to anyone.

45.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he failed to yield while turning to prevent serious harm or death to anyone.

46.  Defendant Trawalley breached his duty, needlessly failing to obey safety rules when he failed to look while turning to prevent serious harm or death to anyone.

47.  At the time of the collision, Defendant Trawalley was operating a vehicle owned by Defendant KMG, with its permission and consent.  He was operating the vehicle within the scope of his employment.  As such, Defendant Trawalley was acting as an agent of Defendant KMG.

48. Defendant KMG had a duty to refrain from placing a dangerous instrumentality in the custody of an individual who it knew or should have known would not handle the dangerous instrumentality consistent with the vehicular safety rules then and there in effect.

49. Defendant KMG had a duty to investigate drivers operating its vehicles to prevent serious harm or death to anyone.

50. Defendant KMG had a duty to supervise drivers operating its vehicles to prevent serious harm or death to anyone.

51. Defendant KMG had a duty to train drivers operating its vehicles to prevent serious harm or death to anyone.

52. Defendant KMG had a duty to hire safe, qualified drivers to operate its vehicles to prevent serious harm or death to anyone.

53. Defendant KMG had a duty to ensure that drivers operating its vehicles followed all vehicular safety rules then and there in effect to prevent death to others on the roadway.

54. Defendant KMG breached its duty, needlessly failing to obey safety rules when it entrusted its vehicle to Defendant Trawalley who it knew, or should have known, would not handle the vehicle consistent with the vehicular safety rules then and there in effect and would needlessly endanger other vehicles on the road.

55. Defendant Trawalley needlessly endangered other vehicles on the road when he failed to operate Defendant KMG's vehicle consistent with the vehicular safety rules then and there in effect.

56. Defendant KMG breached its duty, needlessly failing to obey safety rules when it did not investigate drivers operating its vehicles to prevent serious harm or death to anyone.

57. Defendant KMG breached its duty, needlessly failing to obey safety rules when it did not supervise drivers operating its vehicles to prevent serious harm or death to anyone.

58. Defendant KMG breached its duty, needlessly failing to obey safety rules when it did not train drivers operating its vehicles to prevent serious harm or death to anyone.

59. Defendant KMG breached its duty, needlessly failing to obey safety rules when it did not hire safe, qualified drivers to operate its vehicles to prevent serious harm or death to anyone.

60. Defendant KMG breached its duty, needlessly failing to obey safety rules when it did not ensure that that the driver operating its vehicle followed all vehicular safety rules then and there in effect to prevent death to others on the roadway.

61. The decedent, Joes Ismael Flores in no way contributed to the happening of the crash nor did he assume the risk of the injuries he sustained.

62.   As a direct and proximate result of the conduct of Defendant Alusine Trawalley and Defendant KMG, the decedent, Joes Ismael Flores was killed.   The next of kin of the decedent sustained severe harms and losses. The next of kin incurred burial expenses, lost his share of anticipated future earnings, lost the pecuniary value of services expected to be performed by the decedent, lost valuable guidance that would have been provided by the decedent, lost the opportunity to receive training from the decedent and lost society and companionship from the decedent.

## V.     STATEMENT OF CLAIMS
### Count I – Wrongful Death
### Part A- Negligent Operation of a vehicle

63.   Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through sixty-two above and, in addition, avers that Defendant Trawalley needlessly endangered the community by failing to follow the District of Columbia traffic laws and further allege that this claim arises under D.C. Code Section 16-2701, et seq, 2001 Edition, as supplemented.

### Part B-Agency

64.   Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through sixty-three above and, in addition, avers that Defendant KMG is responsible because of its agent, Defendant Trawalley's, negligent operation of a motor vehicle within the scope of his employment and with their permission and consent needlessly endangering the community by failing to follow the District of Columbia traffic laws and further allege that this claim arises under D.C. Code Section 16-2701, et seq, 2001 Edition, as supplemented.

### Part C-Negligent Training, Hiring and Supervision

65.   Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through sixty-four above and, in addition, avers that Defendant KMG is responsible because of its failure to properly hire, train, supervise and investigate Defendant Trawalley, and his negligent operation of a motor vehicle needlessly endangering the community by failing to follow the District of Columbia traffic laws and further allege that this claim arises under D.C. Code Section 16-2701, et seq, 2001 Edition, as supplemented.

### Part D -- Negligent Entrustment

66.     Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through sixty-five above and, in addition, avers that Defendant KMG is responsible because it allowed Defendant Trawalley, who it knew or should have known was incompetent or unable to operate its vehicle with care and would use its vehicle in a manner involving risk of physical harm to others  by failing to follow the District of Columbia traffic laws and further allege that this claim arises under D.C. Code Section 16-2701, et seq, 2001 Edition, as supplemented.

### Part E-Claim for Relief

67.     Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through sixty-six above and, in addition, avers that as a direct and proximate result of the negligence and wrongful acts of Defendant Alusine Trawalley and Defendant KMG, the next of kin incurred burial expenses, lost his share of anticipated future earnings, lost the pecuniary value of services expected to be performed by the decedent, lost valuable guidance that would have been provided by the decedent, lost the opportunity to receive training from the decedent and lost society and companionship from the decedent and lost any and all damages recoverable under the wrongful death statute.

### Count II -- Survival Action
### Part A- Negligent Operation

68.     Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through sixty-seven above and, in addition, avers that Defendant Trawalley needlessly endangered the community by failing to follow the District of Columbia traffic laws and further allege that this claim arises under D.C. Code Section 12-101, et seq, 2001 Edition, as supplemented.

### Part B-Agency

69.     Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through sixty-eight above and, in addition, avers that Defendant KMG is responsible because of its agent, Defendant Trawalley's, negligent operation of a motor vehicle needlessly endangering the community by failing to follow the District of Columbia traffic laws and further allege that

this claim arises under D.C. Code Section 12-101, et seq, 2001 Edition, as supplemented.

### Part C-Negligent Training, Hiring and Supervision

70.    Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through sixty-nine above and, in addition, avers that Defendant KMG is responsible because of its failure to properly hire, train, supervise and investigate Defendant Trawalley, and his negligent operation of a motor vehicle needlessly endangering the community by failing to follow the District of Columbia traffic laws and further allege that this claim arises under D.C. Code Section 12-101, et seq, 2001 Edition, as supplemented.

### Part D – Negligent Entrustment

71.    Plaintiff, Raul Flores, as personal representative of the estate of Jose Ismael Flores, incorporates the allegations of paragraphs one through seventy above and, in addition, avers that Defendant KMG is responsible because it allowed Defendant Trawalley, who it knew or should have known was incompetent or unable to operate its vehicle with care and would use its vehicle in a manner involving risk of physical harm to others by failing to follow the District of Columbia traffic laws and further allege that this claim arises under D.C. Code Section 16-2701, et seq, 2001 Edition, as supplemented.

### Part E-Claim for Relief

72.    The decedent's right of action for wrongful death and negligent conduct against the Defendants, survives in favor of Raul Flores as the personal representative of the estate of the deceased, Joes Ismael Flores. Plaintiff incorporates the allegations of paragraphs one through seventy-one above and, in addition, avers that as a result of Defendant Trawalley's and KMG's wrongful and negligent conduct, the decedent experienced severe pain, suffering, mental anguish, and emotional distress before his death. In addition, the decedent's estate lost the probable future earnings and other economic and noneconomic recoverable under the applicable District of Columbia law.

### VI.    CLAIM FOR RELIEF

WHEREFORE, Plaintiff Raul Flores., as personal representative of the estate of Jose Ismael Flores demands judgment against the Defendants, Alusine Trawalley and KMG in the sum of TEN MILLION DOLLARS ($10,000,000.00) for economic and non-economic damages plus interest and costs of this action.

Respectfully submitted,

CHASENBOSCOLO, INJURY LAWYERS

By: _____

Benjamin T. Boscolo
DC Bar Number: 412860
E-Mail: BBoscolo@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
Attorney for the Plaintiff

_____

Michael D. Reiter
DC Bar Number: 981814
E-Mail: mreiter@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
Attorney for the Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

_____

Michael D. Reiter



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ESTATE OF JOSE FLORES
    Vs.
KMG HAULING, INC. et al

C.A. No.    2015 CA 009484 V

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M CAMPBELL
Date:  December 8, 2015
Initial Conference: 9:30 am, Friday, March 11, 2016
Location:  Courtroom 519
        500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter ,Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| RAUL FLORES, as personal representative of the ESTATE OF JOSE FLORES )<br><br>Plaintiff, )<br><br>v. )<br><br>ALUSINE TRAWALLEY and KMG HAULING, INC. )<br><br>Defendants. ) | Case No. 2015 CA 009484 V<br>Calendar No.: 13<br>Judge: John M. Campbell<br>Next event: 3/11/2016, 9:30 a.m.<br>Initial Conference |

**MOTION FOR EXTENSION OF TIME TO ANSWER,
MOVE, OR OTHERWISE RESPOND TO COMPLAINT**

Defendant KMG Hauling, Inc. ("KMG") hereby moves pursuant to Rule 6(b), to extend

the time to answer, move, or otherwise respond to Plaintiff's Complaint. In support thereof,

KMG states as follows:

1.      Plaintiff filed the instant Complaint on December 8, 2015.  Plaintiff's Complaint

is a wrongful death and survivor action containing 72 separate paragraphs and claiming $10

million in damages.

2.      On December 17, 2015, Plaintiff served a copy of the Summons and Complaint

upon KMG's registered agent by certified mail.  Accordingly, pursuant to Rule 12, KMG's

Answer or other responsive pleading is presently due on or before January 6, 2016.

3.      In light of the length and subject matter of Plaintiff's Complaint, KMG requires

additional time to investigate Plaintiff's claims and prepare and file its responsive pleading. With

the intervening Christmas and New Year's holidays, KMG respectfully requests until February 5,

2016 to file its response. Allowing an additional 30 days for KMG to respond to the Complaint



would not prejudice Plaintiff. Accordingly, there is good cause for the Court to grant KMG's motion.

### Rule 12-1 Certification

4.      The undersigned made a good faith effort to obtain the consent of Counsel for Plaintiff, in accordance with Rule 12-1, but was unable to obtain consent.

5.      On December 18, 2015, Bernard Grimm, Esq., counsel for KMG, emailed Michael Reiter, Esq., Plaintiff's counsel, to request an additional 30 days for KMG to file its responsive pleadings.

6.      On December 19, 2015, Mr. Reiter responded to KMG's request for an extension of time, stating that Plaintiff would agree to an extension on two conditions: (1) that Plaintiff receive discovery responses within 30 days of KMG's filing its answer, and (2) that KMG agree to any extensions requested by Plaintiff if needed for expert designations or reports or discovery responses. Given the nature of Plaintiff's Complaint, KMG cannot agree to respond to to-be-served discovery requests within 30 days of filing its answer nor can it agree to any to-be-requested extensions for Plaintiff during the litigation.


DATED: December 22, 2015

/s/ Bernard S. Grimm
Bernard S. Grimm (D.C. Bar No. 378171)
LAW OFFICE OF BERNARD S. GRIMM
1200 19th Street, NW
Washington, DC 20036
Tel: (202) 912-4888
Facsimile: (202) 747-5633
Email: bgrimm@grimmlawdc.com

Catherine R. Reilly (D.C. Bar No. 1002308)
COZEN O'CONNOR
1200 Nineteenth Street NW
Washington, DC 20036

- 2 -

Tel: (202) 912-4836
Facsimile: (202) 618-4845
Email: creilly@cozen.com

D. Boyd Cook (D.C. Bar No. 492606)
MIDKIFF MUNCIE & ROSS PC
10461 White Granite Drive, Suite 225
Oakton VA 22124
Tel:  (703) 938-5989).
Facsimile: (703) 938-5980
Email: dcook@midkifflaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of December, a copy of the foregoing Motion was delivered by hand and by Case File Express to:

> Benjamin T. Boscolo, Esq.
> Michael D. Reiter, Esq.
> CHASENBOSCOLO, INJURY LAWYERS
> 7852 Walker Drive, Suite 300
> Greenbelt, MD  20770

*/s/ Catherine R. Reilly*
Catherine R. Reilly

- 4 -

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| RAUL FLORES, as personal representative<br>of the ESTATE OF JOSE FLORES<br><br>Plaintiff,<br><br>v.<br><br>ALUSINE TRAWALLEY and<br>KMG HAULING, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No 2015 CA 009484 V
Calendar No.: 13
Judge: John M. Campbell
Next event: 3/11/2016, 9:30 a.m.
Initial Conference

**ORDER**

Upon consideration of Defendant KMG Hauling's Motion for Extension of Time to

Answer, Move, or Otherwise Respond to Complaint, it is, by the Court, this 4th day of January,

2016,

ORDERED and DECREED that Defendant's Motion is GRANTED. Defendant shall

have until February 5, 2016 to answer, move or otherwise respond to Plaintiff's Complaint.

_John M. Campbell_
John M. Campbell
Associate Judge

Copies to:
Michael D. Reiter, Esq.
Catherine R. Reilly, Esq.
*Via CaseFileXpress*

1



Bernard S. Grimm, Esq.
LAW OFFICE OF BERNARD S. GRIMM
1200 19th Street, NW
Washington, DC 20036
*Via USPS*

D. Boyd Cook, Esq.
MIDKIFF MUNCIE & ROSS PC
10461 White Granite Drive, Suite 225
Oakton, VA 22124
*Via USPS*



**Court Cases Online**

Case Search for Company: KMG

Click here to view search criteria

Search limited to 500 cases in 4.13 seconds.

Click here to view search results

Selected 1 cases to view

Viewing single case; Details retrieved in less than a second.

Click here to view case summary

### 2015 CA 009484 V: FLORES, ESTATE OF JOSE Vs. KMG HAULING, INC., et al.

| | | | |
|---|---|---|---|
| Case Type: Vehicle - Automobile | | File Date: 12/07/2015 | |
| Status: Open | | Status Date: 12/07/2015 | |
| Disposition: Undisposed | | Disposition Date: | |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| FLORES, ESTATE OF JOSE | FLORES Personal Representative, RAUL | Plaintiff | REITER, MICHAEL D. |
| KMG HAULING, INC. | | Defendant | REILLY, CATHERINE ROSATO |
| TRAWALLEY, ALUSINE | | Defendant | REILLY, CATHERINE ROSATO |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 03/11/2016 | 09:30 AM | Initial Scheduling Conference-60 |

| Docket Date | Description | Messages |
|---|---|---|
| 01/07/2016 | Order Filed | Order Granting Consent Motion for Extension of Time to Answer, Move, or Otherwise Respond to Complaint Signed by Judge Campbell on 01/07/2016. Submitted 01/07/2016 14:04 jhcs. |
| 01/07/2016 | Order Granting Motion to Extend Time to Answer Complaint Entered on the Docket | Order Granting Consent Motion for Extension of Time to Answer Move, or Otherwise Respond to Complaint. Signed by Judge Campbell 1/7/16; filed and Entered on the Docket 1/7/16. iok |
| 01/05/2016 | Affidavit of Service of Summons & Complaint on | Affidavit of Service of Summons & Complaint on Filed. Submitted 01/05/2016 16:19 SV ALUSINE TRAWALLEY (Defendant); |
| 01/05/2016 | Additional eFiling Document to | Additional eFiling Document to Consent Motion for Extension of Time to Answer Move, or Otherwise Respond to Complaint Filed submitted. 01/05/2016 14:37.pla Attorney: REILLY, CATHERINE ROSATO (1002306) |
| 01/05/2016 | Motion to Extend Time to Respond Filed | Consent Motion for Extension of Time to Answer Move, or Otherwise Respond to Complaint Filed submitted. 01/05/2016 14:37.pla Attorney: REILLY, CATHERINE ROSATO (1002308) ALUSINE TRAWALLEY (Defendant); Receipt: 328334 Date: 01/06/2016 |
| 01/04/2016 | Order Filed | Order Granting, Defendant's Motion for Extension of Time to Answer, Move, or Otherwise Respond to Complaint submitted 01/04/2016 15:14. ajm. Signed by Judge Campbell on January 4, 2016. |
| 01/04/2016 | Order Granting Motion to Extend Time to Answer Complaint Entered on the Docket | Order Granting Motion to Extend Time to Answer Complaint Entered on the Docket 1/4/16. Signed by J/Campbell 1/4/16. Copies sent to parties via CaseFileXpress on 1/4/16 and USPS on 1/5/16. AB |
| 01/04/2016 | Proof of Service | Proof of Service Method : Service Issued Issued : 12/08/2015 Service : Summons Issued Served : 12/29/2015 Return : 01/04/2016 On : TRAWALLEY, ALUSINE Signed By : Bincu Trawalley Reason : Proof of Service Comment : Tracking # : 5000167741 |
| 01/04/2016 | Affidavit of Service of Summons & Complaint on | Affidavit of Service of Summons & Complaint on ALUSINE TRAWALLEY (Defendant); |
| 12/22/2015 | Praecipe Filed: | KMG Hauling, Inc.'s Rule 7.1 Corporate Disclosure Statement Filed. Submitted 12/22/2015 10:36. ajm Attorney: REILLY, CATHERINE ROSATO (1002308) KMG HAULING, INC. (Defendant); |
| 12/22/2015 | Additional eFiling Document to | Additional eFiling Document to Motion to Extension of Time to Answer, Move, or Otherwise Respond to Complaint Filed. Submitted 12/22/2015 10:24. ajm Attorney: REILLY, CATHERINE ROSATO (1002308) |
| 12/22/2015 | Motion to Extend Time to Respond Filed | Motion to Extension of Time to Answer, Move, or Otherwise Respond to Complaint Filed. Submitted 12/22/2015 10:24. ajm Attorney: REILLY, CATHERINE ROSATO (1002308) KMG HAULING, INC. (Defendant); Receipt: 327549 Date: 12/23/2015 |
| 12/08/2015 | Service Issued | Issue Date: Service: Summons Issued |



EXHIBIT

E

ALL-STATE LEGAL®

| | | Method: Service Issued<br>Cost Per: $<br><br>KMG HAULING, INC.<br>1015 15th Street, NW<br>Suite 1000<br>WASHINGTON, DC 20005<br>Tracking No: 5000167735<br><br>KMG HAULING, INC.<br>P.O. Box 650821<br>POTOMAC FALLS, VA 20165<br>Tracking No: 5000167740<br><br>TRAWALLEY, ALUSINE<br>5550 North Morgan Street, Apt 301<br>ALEXANDRIA, VA 22312<br>Tracking No: 5000167741 |
| 12/08/2015 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 03/11/2016 Time: 9:30 am<br>Judge: CAMPBELL, JOHN M Location: Courtroom 519 |
| 12/07/2015 | Complaint for Personal Tort (Vehicle) Filed | Complaint for Personal Tort (Vehicle) Filed<br>Attorney: REITER, MICHAEL D. (981814)<br>ESTATE OF JOSE FLORES (Plaintiff); Receipt: 326350 Date: 12/08/2015 |

| Receipt # | Date | From | Payments | | Fee | | Amount Paid |
|---|---|---|---|---|---|---|---|
| 328334 | 01/06/2016 | reilly | Efile | $20.00 | Cost | $20.00 | $20.00 |
| 327549 | 12/23/2015 | REILLY, CATHERINE ROSATO | Efile | $20.00 | Cost | $20.00 | $20.00 |
| 326350 | 12/08/2015 | REITER, MICHAEL D. | Efile | $120.00 | Cost | $120.00 | $120.00 |

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **RAUL FLORES, as personal representative of the ESTATE OF JOSE FLORES** ) ) ) ) | |
| **Plaintiff,** ) ) ) ) | **Case No. 2015 CA 009484 V** <br> **Calendar No.: 13** <br> **Judge: John M. Campbell** <br> **Next event: 3/11/2016, 9:30 a.m.** <br> **Initial Conference** |
| **v.** ) ) ) | |
| **ALUSINE TRAWALLEY and** <br> **KMG HAULING, INC.** ) ) ) | |
| **Defendants.** ) ) | |

### CONSENT MOTION FOR EXTENSION OF TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO COMPLAINT

Defendant Alusine Trawalley hereby moves pursuant to Rule 6(b), with the consent of

Plaintiff, to extend the time to answer, move, or otherwise respond to Plaintiff's Complaint. In

support thereof, Mr. Trawalley states as follows:

1.      Plaintiff filed the instant Complaint on December 8, 2015.  Plaintiff's Complaint

is a wrongful death and survivor action containing 72 separate paragraphs and claiming $10

million in damages.

2.      On December 29, 2015, Plaintiff served a copy of the Summons and Complaint

upon Mr. Trawalley.  Accordingly, pursuant to Rule 12, Mr. Trawalley's Answer or other

responsive pleading is presently due on or before January 19, 2016.

3.      Mr. Trawalley respectfully requests that the Court grant him an extension to

February 6, 2016 to answer or otherwise respond to Plaintiff's Complaint.

4.      In light of the length and subject matter of Plaintiff's Complaint, Mr. Trawalley

requires additional time to investigate Plaintiff's claims and prepare and file his responsive



pleading.  Allowing additional time for Mr. Trawalley to respond to the Complaint would not

prejudice Plaintiff.  Moreover, this Court has already granted a similar motion to extend to Mr.

Trawalley's co-defendant, KMG Hauling, Inc.  Accordingly, there is good cause for the Court to

grant Mr. Trawalley's motion.

**Rule 12-1 Certification**

5.      Counsel for Plaintiff consent to the relief sought by Defendant.


DATED: January 5, 2016

> */s/ Bernard S. Grimm*
> Bernard S. Grimm (D.C. Bar No. 378171)
> LAW OFFICE OF BERNARD S. GRIMM
> 1200 19th Street, NW
> Washington, DC 20036
> Tel: (202) 912-4888
> Facsimile: (202) 747-5633
> Email: bgrimm@grimmlawdc.com
>
> Catherine R. Reilly (D.C. Bar No. 1002308)
> COZEN O'CONNOR
> 1200 Nineteenth Street NW
> Washington, DC 20036
> Tel: (202) 912-4836
> Facsimile: (202) 618-4845
> Email: creilly@cozen.com
>
> D. Boyd Cook (D.C. Bar No. 492606)
> MIDKIFF MUNCIE & ROSS PC
> 10461 White Granite Drive, Suite 225
> Oakton VA 22124
> Tel:  (703) 938-5989
> Facsimile: (703) 938-5980
> Email: dcook@midkifflaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January, 2016, a copy of the foregoing Consent Motion was delivered by First Class Mail and/or CaseFileXpress to:

> Benjamin T. Boscolo, Esq.
> Michael D. Reiter, Esq.
> CHASENBOSCOLO, INJURY LAWYERS
> 7852 Walker Drive, Suite 300
> Greenbelt, MD  20770

/s/ Catherine R. Reilly
Catherine R. Reilly

- 3 -